HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYNNE R. HARRIS, as Trustee of the EDITH HEINEMANN HARRIS TRUST (U/A June 10, 2003), a Washington trust,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID S. MUNDEL, as Trustee of the AUGUST B. MUNDEL and JOAN WEBB MUNDEL TRUST (U/A March 27, 1988), a New York Trust,<br><br>    Defendant. | Case No. 2:17-cv-01107-RAJ<br><br>**ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

## I. INTRODUCTION

This matter comes before the Court on Defendant's motion for attorneys' fees. Dkt. # 19. The Court **GRANTS** Defendant's motion for fees and costs in the amount of $34,849.55.

## II. BACKGROUND

The action concerns the alleged failure of Defendant to pay principal and interest to Plaintiff's trust under two promissory notes. Dkt. # 1. The history of the parties' dispute,

ORDER – 1

including the prior litigation and judgment in New York Superior Court, is detailed in this Court's order granting Defendant's motion to dismiss and will not be repeated here. Dkt. # 16. Defendant, as the prevailing party in the dispute before this Court, now seeks attorney's fees. Dkt. # 19.

### III. DISCUSSION

As an initial matter, Plaintiff disputes that Defendant is entitled to any award of attorneys' fees. Plaintiff claims that Defendant has consistently argued the promissory notes (the "EH Harris Notes") were never validly formed and thus not enforceable. Dkt. # 25 at 2. Plaintiff also claims that Defendant argued that the EH Harris Notes were not governed by Washington law. *Id.* According to Plaintiff, it would then be unjust to award Defendant fees under RCW 4.84.330, which permits the prevailing party in an action on a contract or lease to recover fees where such contract or lease specifically provides that attorneys' fees and costs. *Id.* Defendant asserts that fees are required under RCW 4.84.330 and that case law shows this is true even where a party has argued the contract was void or otherwise unenforceable. Dkt. # 26 at 2.

The EH Harris Notes contain a provision for all reasonable attorneys' fees and costs associated with collection of payment. Dkt. # 5 at 62, 64. Under RCW 4.84.330, attorneys' fees should be reciprocally awarded in situations where the other party would have been entitled to attorneys' fees had they prevailed. *See Kaintz v. PLG, Inc.*, 197 P.3d 710 (Wash. App. 2008) (discussing "mutuality of remedy"). This includes situations where a party defends a contract lawsuit by proving the absence of an enforceable agreement. *See In re Herzog Aluminum Inc. v. Gen. Am. Window Corp.*, 692 P.2d 867 (Wash. App. 1984); *see also Mt. Hood Bev. Co. v. Constellation Brands, Inc.*, 63 P.3d 779 (Wash. 2003). Given this Washington authority, the Court finds that Defendant's prior arguments regarding the enforceability of the EH Harris Notes does not preclude an award of attorneys' fees.

#### A. Lodestar Method

The Court turns to the calculation of attorneys' fees. The proper way for the Court

ORDER – 2

to determine attorneys' fees and costs is by using the lodestar method. To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990); *Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597 (1983). The hours reasonably expended must be spent on claims having a "common core of facts and related legal theories." *Martinez v. City of Tacoma*, 81 Wash. App. 228, 242–43 (1996); *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003). The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers*, 100 Wash. 2d at 597, 600. The Court may adjust the lodestar calculation "up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the 'lodestar' and which are shown to warrant the adjustment by the party proposing it." *Id.* at 594 (citing *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)) (emphasis in original); *see also Chalmers*, 796 F.2d at 1212.

### i. Reasonably Hourly Rate

The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *Bowers*, 100 Wash. 2d at 597. In addition to the established rate, the court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. *Id.*; *see also Chalmers*, 796 F.2d at 1210-11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely

ORDER – 3

on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.2011).

Defendant's counsel, Fredrick A. Haist and Anthony Wisen, represent that their hourly rates are $445.00 and $460.00 dollars respectively. Dkt. # 19-1. Haist and Wisen, both of whom have over ten years of experience, declare their familiarity with prevailing rates in the Seattle area and that the hourly rates charged by their firm Davis Wright Tremaine (DWT) are customary and reasonable for the region. *Id.* Given the Court's familiarity with rates in the Seattle market, and the lack of contrary evidence put forth by Plaintiff, the Court finds the rates charged reasonable. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (explaining that party opposing the fee application has burden of challenging the reasonableness of the hours charge or the facts asserted by the prevailing party). However, Defendant's counsel fails to provide evidence to support the $230 rate charged by DWT's paralegal, Mr. Schattenkerk. As such, the Court will adjust the rate charged by Mr. Schattenkerk to $150 per hour. *See, e.g.*, *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 2013 WL 4094697, at *2 (W.D. Wash. Aug. 12, 2013) (noting that $150 for an experienced paralegal is reasonable in Seattle area).

### ii. Reasonableness of the Hours

The attorneys seeking fees must provide "reasonable documentation of the work performed" in order to allow the court to assess whether the number of hours expended was reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 951 P.2d 798, 802 (Wash. App. 1998). The court will "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 957 P.2d 632, 651 (Wash. 1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (Wash. 2012). Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular

ORDER – 4

activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The Court has reviewed Defendant's summary of time and finds that Defendant seeks compensation for some hours were not adequately documented, as well as for some hours that are redundant or excessive, and adjusts the award accordingly. *See, e.g.*, *Bund v. Safeguard Properties*, 2017 WL 1613340, at *3 (W.D. Wash. Apr. 28, 2017). A line item dated August 21, 2017, reads "draft outline of motion to dismiss," for 3.8 hours, which is the same entry for a line item dated September 13, 2017. Without a more detailed description, the Court is unable to ascertain whether this work is duplicative work performed. Therefore, the Court will deduct 3.8 hours as duplicative. Further, Defendant's counsel has provided the Court with some "block" time entries, which has left the Court unable to attribute specific time spent on a particular activity on certain dates. The Court will deduct from its award a September 28, 2017 time entry for 5.1 hours. The Court finds the remaining entries reasonable, as well as counsel voluntarily discounting $7,330.00 from its fee request. *See* Dkt. # 19-1, ¶ 10.

Accordingly, the total amount of fees awarded is:

Haist: 55.7 hours x $445 = $24,786.50

Wisen: 36.8 hours x $460 = $16,928.00

Schattenkerk: 3.0 hours x $150 = $450.00

Defendant's deduction: ($7,330.00)

**TOTAL: $34,834.55**

### B. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent working on this action and does not find it necessary to make any lodestar adjustments.

### C. Costs

From what the Court can ascertain, Defendant seeks $15 in costs. The Court grants this request. Dkt. # 19-1, Ex. 3.

ORDER – 5

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for fees and costs in the amount of $34,849.55.

DATED this 20th day of March, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6